This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38735**

**TAUTRA ROMIG and BRIAN HANSEN,**

Plaintiffs-Appellants,

v.

**UNIVERSITY OF NEW MEXICO BOARD OF REGENTS d/b/a UNIVERSITY OF NEW MEXICO HEALTH SCIENCES CENTER, UNIVERSITY OF NEW MEXICO HOSPITAL; and JOHN AND JANE DOE 1, 2, & 3,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Joshua A. Allison, District Judge**

L. Helen Bennett
M. Terrence Revo
Albuquerque, NM

for Appellants

Garcia Law Group, LLC
Bryan Christopher Garcia
Meghan Suzanne Nicholson
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VARGAS, Judge.**

{1}     Plaintiffs appeal from the district court's orders denying their motion to extend the time for finding an expert and granting Defendants' motion for summary judgment for lack of an expert witness to support Plaintiffs' claims. Unpersuaded that Plaintiffs demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiffs have responded to our notice with a memorandum in opposition. After due consideration, we remain unpersuaded that Plaintiffs have established error. We affirm.

{2}     On appeal, Plaintiffs contend that the district court abused its discretion by excluding their expert witness and erred by granting Defendants summary judgment. [DS 7] Our notice explained that Plaintiffs have misstated events in the district court. [CN 2] Namely, the district court did not exclude any witness; it granted summary judgment for Plaintiffs' failure to name an expert witness to support their claims after the time for doing so, set forth in the scheduling order, had expired. [CN 2; RP 207-10] The district court also denied Plaintiffs' motion to modify the scheduling order to extend the time for discovery to identify an expert witness for a lack of a showing of good cause. [RP 106-16, 207]

{3}     Plaintiffs' response to our notice continues to ask this Court to treat summary judgment as an unfairly harsh, and dispositive sanction imposed by the district court for Plaintiffs' failure to timely disclose an expert witness. [MIO 1-4] We are not persuaded. Plaintiffs did not untimely disclose an expert or even present a defined time frame in which they would disclose an expert. Plaintiffs complained that they could not identify an expert witness without deposing Defendants' witnesses. [RP 120-21] However, Plaintiffs never supplied an explanation as to why they needed to depose Defendants' witnesses to identify their own experts or why they did not timely depose Defendants' witnesses. [RP 141] Plaintiffs were in possession of all the records identifying all the relevant medical providers since June 1, 2017, and they failed to even request dates to depose any of those essential witnesses until July 3, 2019, three months after the date in the scheduling order and two days after the extended deadline set out in the proposed order Defendants' counsel emailed to Plaintiffs' counsel. [RP 48-50, 85, 141] After the time set forth in the scheduling order for completing all discovery had passed, Defendants filed a motion for summary judgment based on Plaintiffs' failure to identify an expert to support their claims. [RP 84-105] In response, Plaintiffs did not untimely identify an expert; instead they sought to modify the scheduling order to extend the time for discovery to identify an expert witness. [RP 106-16]

{4}     Additionally, Defendants did not seek nor were they granted summary judgment on the basis of any violation of a discovery order as contemplated by Rule 1-037(B) NMRA. Defendants sought summary judgment on the express grounds that Plaintiffs did not identify any qualified expert to testify that the medical care at issue failed to meet the standard of care or caused the injuries alleged to a reasonable degree of medical probability. [RP 84-88, 155] *See Blauwkamp v. Univ. of N.M. Hosp.*, 1992-NMCA-048, ¶ 16, 114 N.M. 228, 836 P.2d 1249 (explaining that in medical malpractice cases where the defendants can show the plaintiffs lack expert testimony to support their claims, "such a showing is sufficient to support a motion for summary judgment on the basis

that the [plaintiffs'] evidence is insufficient to establish an essential element of the [plaintiffs'] claim[,]" and the defendants are not required to support their motions for summary judgment with affidavits or depositions of medical experts disproving the plaintiffs' claims (internal quotation marks and citation omitted)). Under these circumstances, the applicable analysis is not whether the sanction of dismissal was warranted, but whether the district court abused its discretion by denying Plaintiffs' motion to modify the scheduling order for lack of good cause. [RP 207]

**{5}** We review the district court's denial of Plaintiffs' motion to extend the time for discovery to find an expert for abuse of its discretion, "which occurs when the district court's ruling is against the facts, logic, and circumstances of the case or is untenable or unjustified by reason." *See Buke, LLC v. Cross Country Auto Sales, LLC*, 2014-NMCA-078, ¶ 62, 331 P.3d 942 (alteration, internal quotation marks, and citation omitted). "A scheduling order shall not be modified except by order of the court upon a showing of good cause." Rule 1-016(B)(8) NMRA. "We will not interfere with the district court's enforcement of pretrial deadlines. Adherence to such scheduling orders is critical in maintaining the integrity of judicial proceedings." *Buke*, 2014-NMCA-078, ¶ 63 (alterations, internal quotation, and citation omitted).

**{6}** To the extent that we might construe Plaintiffs' memorandum in opposition to rely on their lack of bad faith or their attempt to negotiate an extension of time with Defendants as establishing good cause, we are not persuaded. Plaintiffs and Defendants did not arrive at an agreed-upon extension, and there is no indication Plaintiffs followed up with Defendants on their request for an extension and no indication that Plaintiffs had a reason to believe the district court had approved any extension. [RP 142-44]

**{7}** Under the circumstances described herein and in our notice, we cannot say Plaintiffs established that the district court abused in its discretion by denying the extension and modification of the scheduling order based on a lack of a showing of good cause. *See* Rule 1-016(B)(8); *Buke*, 2014-NMCA-078, ¶¶ 62-63.

**{8}** Because there is no dispute that Plaintiffs require expert testimony to establish their medical malpractice claims, [RP 120, 124] we hold that summary judgment was proper. *See Blauwkamp*, 1992-NMCA-048, ¶ 16. Further, Plaintiffs have not established that summary judgment was improper on grounds that providing additional time was necessary and just as contemplated by Rule 1-056(F) NMRA. As we have stated, Plaintiffs do not explain why they could not retain an expert between the time they filed their suit and the expert disclosure deadline, why they did not take the depositions they claim to need, or how additional discovery might enable them to identify an expert.

**{9}** For the reasons stated in our notice and in this opinion, we affirm the district court's orders denying Plaintiffs' motion to modify the scheduling order and granting Defendants' motion for summary judgment.

**{10}  IT IS SO ORDERED.**

JULIE J. VARGAS, Judge

WE CONCUR:

KRISTINA BOGARDUS, Judge

BRIANA H. ZAMORA, Judge